# United States District Court
## District of Connecticut

ROBERT GAGNON, ET UX.          :      CIVIL ACTION

                                 :      NO. 3 01 CV 810 (CFD)

     vs.                            :
                                 :

THE MANITOWOC COMPANY, INC.     :      NOVEMBER 21, 2003

## PLAINTIFF'S VERDICT FORM
### (proposed by plaintiff)

1.      Have the plaintiffs established by a fair preponderance of the evidence that the subject crane was defective due to defendant's failure to provide adequate instructions?

        Answer:        Yes \_\_\_\_\_          No \_\_\_\_\_

If you answered question no. 1 "yes", please go on to answer question no. 2. If you answered "no", then please complete the defendant's verdict form.

2.      Have the plaintiffs established by a fair preponderance of the evidence that the failure to provide adequate instructions was a proximate cause of the incident that led to Robert Gagnon's injuries?

        Answer:        Yes \_\_\_\_\_          No \_\_\_\_\_

If you answered question no. 2 "yes", please go on to answer question no. 3. If you answered "no", then please complete the defendant's verdict form.

3.      What is fair, just and reasonable compensation for the following categories of damages:

**Robert Gagnon**

     1.     Past non-economic loss:     $_____

     2.     Future non-economic loss:     $_____

     3.     Past non-economic loss:     $_____

     4.     Future non-economic loss:     $_____

**June Gagnon**

     1.     Loss of consortium:     $_____

     4.     Has the defendant established by a fair preponderance of evidence that plaintiff, Robert Gagnon, was comparatively responsible for the incident that led to his injuries?

     Answer:     Yes _____     No _____

     If you answered no. 4 "yes", then go on to question no. 5.  If not, please sign and date this form and return your verdict in the manner instructed.

     5.     What percentage of responsibility do you attribute to plaintiff, Robert Gagnon, for the incident that led to plaintiff, Robert Gagnon's, injuries?

     Answer:     _____ %

     _____
     Foreperson
     Date:

**United States District Court**
**District of Connecticut**

ROBERT GAGNON, ET UX.                :        CIVIL ACTION

                                     :        NO. 3 01 CV 810 (CFD)

vs.                                  :
                                     :
THE MANITOWOC COMPANY, INC.          :        NOVEMBER 21, 2003

<u>SPECIAL VERDICT PURSUANT TO FED. R. CIV. P. 49(A)</u>
**(submitted by defendant)**

    1.    Do you find that the plaintiff has proven by a fair preponderance of the evidence that the defendant's crane was defective due to inadequate instructions or warnings?

    Answer:    Yes _____        No _____

    If the answer was No, enter Yes on the defendant's verdict on line #8 below and sign and date this form.

    2.    Do you find that the accident was proximately caused by the misuse of the crane by the Capco Steel Company crew engage in assembling it?

    Answer:    Yes _____        No _____

    If the answer is Yes, enter Yes on the defendant's verdict on line #8 below and sign and date this form.

    If the answer is No, proceed to #3.

    3.    Do you find that the accident was proximately caused by the failure of the Capco Steel Company crew to follow the assembly instructions and heed the warnings?

Answer:        Yes _____                    No _____

  If the answer is Yes, enter Yes on the defendant's verdict on line #8 below and sign and date this form.

  If the answer is No, proceed to #4.


  4.  Do you find that the accident was proximately caused by the alteration of the crane from the manufacturer's intended condition by failure of the Capco Steel Company crew to follow the manufacturer's assembly instructions and heed the warnings?

Answer:        Yes _____                    No _____

  If the answer if Yes, enter Yes on the defendant's verdict on line #8 below and sign and date this form.

  If the answer is No, proceed to #5.


  5.  Do you find that Robert Gagnon was himself at fault for the accident?

Answer:        Yes _____                    No _____

  If the answer is Yes, proceed to #6.

  If the answer is No, proceed to #7.


  6.  State what is the percentage of fault for the accident on the part of the plaintiff Robert Gagnon and the defendant Manitowoc Company.  [The combined percentages must total 100%.]

  Plaintiff Robert Gagnon:   _____%

  Defendant Manitowoc Company:  _____%

Proceed to #7

7.     State the amount of damages you find to be fair, just and reasonable to

compensate Robert Gagnon and June Gagnon:

    Robert Gagnon:

        Economic damages:        _____

        Non-economic damages:     _____

    June Gagnon for loss of consortium: _____

    After completing #7 sign and date the verdict form.

8.     In this action, the jury finds the issues for the defendant.

Answer:     Yes _____          No _____

                             _____

                             Foreperson
                             Date:

**United States District Court**
**District of Connecticut**

| | | |
|---|---|---|
| ROBERT GAGNON, ET UX. | : | CIVIL ACTION |
| | : | NO. 3 01 CV 810 (CFD) |
| vs. | : | |
| | : | |
| THE MANITOWOC COMPANY, INC. | : | NOVEMBER 21, 2003 |

### <u>DEFENDANT'S VERDICT FORM</u>
### (proposed by defendant)

In this action, the jury find the issue for the defendant.

_____
Foreperson
Date:

**United States District Court**
**District of Connecticut**

ROBERT GAGNON, ET UX.            :      **CIVIL ACTION**

                                 :      **NO. 3 01 CV 810 (CFD)**

vs.                              :
                                 :
THE MANITOWOC COMPANY, INC.       :      **NOVEMBER 21, 2003**

<u>**STATEMENT IN LIEU OF OPENING STATEMENT**</u>

In this action, plaintiffs, Robert Gagnon and June Gagnon, have brought what is called a "products liability" claim against the Manitowoc Company, Inc., a Wisconsin corporation which manufactures and sells cranes, among other products.

In their complaint, the plaintiffs have claimed that the defendant's failure to provide adequate assembly instructions with the crane when manufactured and sold was a cause of an accident which occurred on February 7, 2000, in New London, Connecticut, which resulted in personal injuries to Robert Gagnon. Robert Gagnon seeks damages for the injuries caused in that incident. His wife, June Gagnon, has asserted a claim for what is called "loss of consortium" and also seeks damages.

Defendant, The Manitowoc Company, denies its assembly instructions and warnings were inadequate. It denies it is legally liable to the plaintiffs, and asserts other legal defenses to plaintiffs' claims, including that the accident occurred due to misuse of the crane, due to unauthorized alteration or modification of the crane, and due to failure of the assembly crew to

follow the assembly instructions and heed the warnings.  In addition, The Manitowoc has asserted, by way of what is called an affirmative defense, that plaintiff, Robert Gagnon himself, was legally responsible for the accident and any resulting injuries.

Your job will be to sort out the facts and apply the facts to the law as I explain it and arrive at a fair verdict on the case.

**United States District Court**
**District of Connecticut**

ROBERT GAGNON, ET UX.             :        **CIVIL ACTION**

                                  :        **NO. 3 01 CV 810 (CFD)**

VS.

THE MANITOWOC COMPANY, INC.       :        **NOVEMBER 21, 2003**

### Plaintiff's Proposed Voir Dire Questions

1.      Do you have any opinions, from anything you have seen, heard or read, concerning (1) the civil justice system; (2) "jury verdicts"; or (3) so-called "tort reform" that might affect your ability to be an impartial juror in this case?

2.      Do you have any opinions, from anything you have seen, heard or read, concerning "products liability claims" that might affect your ability to be an impartial juror in this case?

3.      Have you, or any member of your family, ever been involved in an accident or occurrence in which a personal injury was sustained?  If so, please briefly explain the circumstances of each such occurrence and whether, as a consequence of that occurrence, you would be predisposed to favor either the plaintiff or the defendant in this case.

4.      Have you or any member of your family ever been involved in a claim or lawsuit, whether as a claimant or a defendant, involving personal injuries?  If so, please describe who was involved, the nature and circumstances of the incident that led to the claim or suit, the nature and extent of the injuries sustained in the incident, and the status of the claim or suit.  Would

anything that has occurred in connection with that matter affect your ability to be an impartial juror in this case if selected?

5.      Have you or any member of your family ever operated a crane?  If so, please describe the circumstances under which the crane was operated and describe each type of crane that was operated.

6.      Have you or any member of your family ever been employed in the construction trades, or in any other field in which cranes were utilized?  If so, please describe the nature and general circumstances of that employment.

7.      Have you or anyone in your family ever been employed as an ironworker or in any similar trade?

8.      Do you know anything about the defendant, The Manitowoc Company, Inc. of Wisconsin, other than what you have heard in this courtroom?  If so, would that information affect your ability to be an impartial juror in this case if selected?

9.      Our law states that a plaintiff is to be awarded fair, just and reasonable money damages in compensation for any personal injuries that you find a plaintiff sustained as a consequence of an occurrence for which a defendant has been found to be legally liable.  If I instruct you at the conclusion of this case that this is the law of our state, would you have any hesitation in following this instruction if you are called on to serve as a juror?

10.      Do you have any objection to the concept of awarding money damages to compensate an individual for an injury?

**United States District Court**
**District of Connecticut**

| | | |
|---|---|---|
| **ROBERT GAGNON, ET UX.** | : | **CIVIL ACTION** |
| | : | **NO. 3 01 CV 810 (CFD)** |
| **VS.** | | |
| **THE MANITOWOC COMPANY, INC.** | : | **NOVEMBER 21, 2003** |

### Defendant's Proposed Voir Dire Questions

In addition to those proposed by plaintiffs, defendant proposes the following:

1.    Connecticut law states that if the plaintiff fails to prove his case that the defendant is at fault for the accident, you must return a verdict in favor of the defendant. Can you do so even in a case where you have heard evidence that the plaintiff sustained serious personal injuries?

2.    Will you follow the instructions of the judge as to the law in this case, whether you agree with the law or not?

3.    Is there anything about this kind of case – a construction site injury involving assembly of a crane – which is what the law calls a "product liability claim" which would make it difficult for you to sit and judge both sides fairly and justly according to the law?

**United States District Court**
**District of Connecticut**

| | | |
|---|---|---|
| **ROBERT GAGNON, ET UX.** | : | **CIVIL ACTION** |
| | : | **NO. 3 01 CV 810 (CFD)** |
| **vs.** | : | |
| | : | |
| **THE MANITOWOC COMPANY, INC.** | : | **NOVEMBER 21, 2003** |

<u>**JOINT JURY INSTRUCTIONS WITH OBJECTIONS**</u>

I. AGREED UPON:

1. <u>**Basic Instruction**</u>

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is proof of a chain of facts and circumstances tending to prove or disprove, any fact in dispute. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instruction 2.1 (2000)

## 2. **Definition of "Preponderance of the Evidence"**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Porter v. American Export Lines, Inc. 387 F.2d 409 (3d Cir.1968); South-East Coal Co. v. Consolidation Coal Co., 434 F.2d 767 (6th Cir.1970) cert. denied 402 U.S. 983, 91 S.Ct. 1662, 29 L.Ed.2d 149 (1971), rehearing denied 404 U.S. 877, 92 S.Ct. 28, 30 L.Ed.2d 124 (1971) and Grant v. National Acme Co., 351 F.Supp, 972, 980 (W.D.Mich. 1972)
Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, Sec. 72.01

### 3. **Number of Witnesses**

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

United States v. Jones, 486 F.2d 476 (8th. Cir.1973) cert. denied 415 U.S. 917, 94 S.Ct. 1415, 39 L.Ed.2d 472 (1974)

Federal Jury Practice and Instructions, Devitt, Blackmar & Wolff,  Sec. 72.13

4.  **Evidence – Direct- Indirect or Circumstantial**

There are, generally speaking, two types of evidence from which a jury may properly find

the truth as to the facts of a case.  One is direct evidence – such as the testimony of an

eyewitness.  The other is indirect or circumstantial evidence- the proof of a chain of

circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence,

but simply requires that the jury find the facts in accordance with the preponderance of all the

evidence in the case, both direct and circumstantial.

Manual of Model Jury Instructions for the Ninth Circuit, §12.05
Wilkins v. Hogan, 425 F.2d 1022 (10th Cir. 1970)
Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §72.03

5. **Depositions – Use as Evidence**

During the trial of this case, certain testimony has been presented to you by way of

deposition, consisting of sworn recorded answers to questions asked of the witness in advance of

the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness

who, for some reason, cannot be present to testify from the witness stand may be presented in

writing under oath (or on a video recording played on a television set).  Such testimony is

entitled to the same consideration, and is to be judged as to credibility, and weighed, and

otherwise considered by the jury, in so far as possible, in the same way as if the witness had been

present, and had testified from the witness stand.


Goldwater v. Ginzberg, 261 F.Supp 784 (S.D.N.Y. 1966), affirmed 414 F.2d 324 (2d Cir. 1969),
cert. denied; 396 U.S. 1049, 90 S. Ct. 701 24 L.Ed. 2d 695 (1970), rehearing denied; 397 U.S.
978, 90 S.Ct. 1085, 25 L.Ed.2d 274 (1970)
Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §73.02

6. **All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Jones v. Meat Packers Equipment Co., 723 F.2d 370 (4th Cir.1983)
Federal Jury Practice and Instructions, Devitt, Blackmar & Wolff, §73.11

7. **<u>Judicial Notice</u>**

In this case, the court has taken "judicial notice" that the statistical life expectancy of the plaintiff is 21.9 years.  The effect of judicial notice is that the fact or facts which are the subject of judicial notice are deemed to have been established without proof of the fact or facts having been presented to you.

Model Civ. Jury Instr. 9th Cir. § 2.5

8. **Life Expectancy-Table of Mortality**

You in this case may consider the standard table of mortality that the court has judicially noticed in determining how long the claimant may be expected to live.  According to the table of mortality, the life expectancy in this country of a male person 57 years of age is 21.9 years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex.  That estimate is based upon a limited record of experience.  The inference that may reasonably be drawn from life expectancy as shown by the table applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of plaintiff, you should consider, in addition to what is shown by the mortality table, all other facts and circumstances in evidence in the case bearing upon the life expectancy of plaintiff Robert Gagnon, including plaintiff's occupation, habits, past health record and present state of health.

Devitt, Blackmar & Wolff, Federal Jury Practice & Instructions (Civil), §128.21 (5th ed.)

### 9. **Products Liability – Causation**

Under the CPLA, when a plaintiff makes a claim that adequate instructions were not provided by a product seller, the claimant must also establish by a fair preponderance of the evidence that if an adequate instruction had been provided, he would not have suffered the harm complained of. Putting it another way, in this case, Mr. Gagnon must establish that had adequate instructions been provided by defendant, the incident resulting in his injuries would not have occurred.

Once again, you must consider all of the evidence submitted to you in determining this issue.

Connecticut General Statutes, §52-572q

10.  **Products Liability -- Contractual Relations Not Required**

Under our law, a products liability claim may be asserted and successfully pursued regardless of whether the plaintiff was the purchaser of the product in question – in this case, the M-250 Crane - or in any contractual relationship with the defendant.  In other words, it is not a defense to this claim that Robert Gagnon was not a direct purchaser of the crane.

Connecticut General Statutes, §52-572n

## 11. **Destruction of Earning Capacity**

Another compensable element of damages is an award of just compensation for the destruction of the plaintiff's earning capacity, that is, the destruction of his opportunity to earn wages as he would have if he had not been injured on February 7, 2000.

If an injury caused by the wrongful act of another results in an impairment or loss of earning capacity in the future, that is a proper element of damages. This, of course, differs from a recovery for wages that have been lost before the time of trial, for to determine the amount to be allowed for impairment or loss of earning capacity you must look to the future and not to the past.

In this regard, you should first consider the wages Robert Gagnon had been earning before the incident which caused his injuries. His tax returns and average weekly wage at the time of the accident may be good sources of data for you to consider. It is likewise proper for you to consider his general experience as a wage earner and his qualifications for conducting a gainful occupation. Necessarily, the damages for impairment of earning capacity is limited to that period of time in the future which you may find would have been the length of the work life of the plaintiff. Consequently, you must consider how long you believe the plaintiff might have expected to work. You may also consider the health and physical condition of the plaintiff as of February 7, 2000, any physical impairments he may have possessed, and any other evidence having a bearing upon his probable length of life. As in the case of estimating the probable

duration of life of an individual, we take into account not only the average experience, but the various ups and downs of life which may affect it in the particular case, so in estimating his probable future earning capacity you should take account of human experience and the common incidents of life such as accident, sickness, disability, old age, and the like, which are likely to affect or even destroy that capacity. Consequently, in evaluating the plaintiff's loss of earning capacity you should consider not only the plaintiff's life expectancy, but also his expectancy with regard to those other incidents of human experience which affect one's ability to work and earn.

Please bear in mind that in making these types of decisions, absolute certainty is not required by the law. Our law recognizes that such matters cannot be determined with precision. Your reasonable estimates are all that is required.

Wright & Ankerman, <u>Connecticut Jury Instructions (Civil),</u> 4th ed., Vol. 1, Sec. 232.

12. **Suggested Amount of Damages**

In closing argument, counsel mentioned some formulas or amounts that might figure in your verdict. I caution you that figures suggested by counsel do not constitute evidence. It is up to you to decide what fair, just and reasonable compensation is, whatever you find that figure might be, without regard to amounts that may have been suggested by counsel in argument.

Connecticut General Statutes § 52-216b;

Connecticut Judicial Department Website, Civil Jury Instructions, §1-48

### 13. **Loss of Consortium**

The final element of damages for you to consider in this case is what is known as loss of consortium. This is an item of damage claimed by June Gagnon, in this case, as wife of Robert Gagnon.

The term "consortium" is usually defined as encompassing the services of the spouse, in this case, the wife, and the variety of intangible relations which exist between spouses living together in marriage. These intangibles are generally described in terms of "affection, society, companionship, and sexual relations." They have also been defined as "the constellation of companionship, dependence, reliance, affection, sharing and aid, which are legally recognizable, protected rights arising out of the civil contract of marriage."

Testimony has been given by both Mr. and Mrs. Gagnon, with reference to the limitations placed upon Mr. Gagnon, by reason of the injuries he suffered in the past and continuing interference with their marital relations. In addition, Mrs. Gagnon is entitled to compensation for the activities about the home which she was required to assume due to the injuries to her husband. If you find that the plaintiffs have established a claim for loss of consortium, as I have described it, then you must assess this element of damage for Mrs. Gagnon, the wife.

Wright & Ankerman, 2003 Cumulative Supplement to Connecticut Jury Instructions (Civil), 4th ed. Sec.237(5)(d);

Hopson, et al v. St. Mary's Hospital, et al., 176 Conn. 485 (1979)

14. **Sympathy : Financial Worth of Defendant**

In this action the plaintiffs have made claims against the manufacturer of a crane.  You will give no consideration nor pay attention to the fact that a corporation is the defendant or to the nature or scope of its business.  The size of a company or its financial assets have no place whatever in this trial.  It is the pride of our system of law that cases are not decided on the basis of whether the parties appear to have financial resources or not, or whether they are individuals or businesses.  You will decide this case on the evidence, and the law as I give it to you, and not on a condition or character of the parties.

D. Wright & W. Ankerman, Connecticut Jury Instructions §231 (e) (4th ed. 1993).

15. **Damages**

If you determine under the rules I have given you that the plaintiffs are entitled to recover damages, and only if you so determine, then the plaintiffs are entitled to recover only fair, just and reasonable compensation.  It is not proper for a jury considering the question of damages to attempt to be generous, rather than fair and reasonable.  Neither is sympathy for, nor ill will against, any party to play any part in your determination or deliberations.  It is not proper for you to consider your own feelings and sympathies with either the plaintiffs or with the defendant, nor is it proper for you to consider what award, if any, you would wish to have entered if you were either a plaintiff or a defendant.  Rather, you are to determine, under the rules I have given you, what sum of money would constitute fair, just and reasonable compensation for such damages as you find proven and to have been proximately caused by the accident in question.

Begley v. Kohl & Madden Printing Co., Inc., 157 Conn. 445, 452 (1969);
Rosa v. American Oil Co., Inc., 139 Conn. 585, 589-90 (1943)

### 16. **Compensation For Future Damages**

In considering any question of compensation for future disability, it is necessary to consider what Robert Gagnon's condition will be in the future, with reasonable certainty. The natural incidents of life which, entirely apart from the accident in suit, would have a tendency to affect future activities, such as old age, other accident, sickness, disability not connected with this accident and such other common incidents and vicissitudes as are expected to a greater or lesser degree to affect all persons, must be considered in calculating any future pain and suffering and any future disability. Although nothing definite on this issue can be established, it should be considered, and must be, in determining the future impairment, if any, that is reasonably expected to be produced in the future because of the plaintiff's injuries.

Johnson v. Fiske, 125 Conn. 445, 449 (1939)